**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LINDEN POLICE DEPARTMENT, et al.,

                    Plaintiffs,

     v.

WILSON BAQUERO,

                    Defendant.

Civil Action No. 24-7924 (JXN)(JBC)

**OPINION**

**NEALS**, District Judge

Defendant Wilson Baquero ("Defendant") argues the Linden Police Department ("Linden"[1]) violated his right to travel when it towed his car. He asserts claims for unlawful seizure, deprivation of due process, emotional distress, and other civil rights violations. Before the Court are Defendant's motions to seek relief from final judgement (ECF No. 10) and leave to appeal *in forma pauperis* ("IFP") the denial of his earlier IFP application (ECF No. 14). The Court has carefully considered Defendant's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the case is **REMANDED** and Defendant's motions are **DENIED** *as moot*.

I.     **BACKGROUND**

Defendant filed a Notice of Removal in this Court on July 22, 2024.[2] (Notice of Removal, ECF No. 1.) The Notice of Removal is replete with dense legal jargon and dedicates ten of its

---

[1] Because "municipal police departments . . . are not separate entities from the municipalities," the Court treats this suit against the Linden Police Department as one against Linden itself. *Castro v. New Jersey*, 521 F. Supp. 3d 509, 516 n.4 (D.N.J. 2021).

[2] Defendant's Notice of Removal does not include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. The Notice of Removal, however, contains Defendant's allegations, much like a complaint. The Court, therefore, construes the Notice of Removal liberally and views it as the operative pleading.

eleven pages to arguing that traffic laws are unconstitutional. (*See id.*) To the extent the Notice of Removal contains any facts, it appears Defendant claims that Linden towed his 2019 Honda Civic. (*Id.* at 1, 10.) Defendant does not explain why Linden towed his car. (*See generally id.*)

Along with the Notice of Removal, Defendant submitted an IFP Application (IFP App, ECF No. 1-1) and a law review article from 2006 (Article, ECF No. 1-3).[3] The Court denied the IFP Application without prejudice as it did not provide "the necessary information requested in the application instructions." (Order Denying IFP App 1, ECF No. 4.) Additionally, the Court noted the Notice of Removal lacked a short and plain statement of the ground for removal. (*Id.* at 2.)

Defendant then filed two motions: One, to seek relief from final judgment (Mot. for Relief, ECF No. 10), and second, seeking leave to appeal the denial of his IFP Application (Mot. for Leave to Appeal, ECF No. 14). The corresponding filing fees were not paid for these motions. On February 2, 2026, the Court administratively terminated both motions and ordered Defendant to show cause by March 2, 2026, by written submission, why this Court has subject matter jurisdiction over this action. (Order, ECF No. 16.) Defendant failed to do so.

## II.    <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may hear cases only where authorized by the Constitution or statute. *Id.* Federal courts, accordingly, have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

---

[3] The law review article catalogued the evolution of how courts treated early automobile regulations. Roger I. Roots, *The Orphaned Right: The Right to Travel by Automobile, 1890-1950*, 30 Okla. City U.L. Rev. 245 (2005). Notably, the article observes "[n]o court after 1920 found the right to travel sufficient to strike down a driver license requirement," *id.* at 263, and "[s]ince 1950, no court has described driving an automobile as a 'right,'" *id.* at 267.

### III.    DISCUSSION

#### A.    Diversity Jurisdiction

28 U.S.C. § 1332 allows the Court to hear cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Defendant and Linden are citizens of the same state. "A natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Defendant's most recent IFP application states he is domiciled in Rahway, New Jersey. (*See* Second IFP App., ECF No. 12.) Linden is a New Jersey municipality. Because Defendant and Linden are citizens of the same state, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

Moreover, the amount in controversy does not exceed $75,000. To determine the amount in controversy, the Court must consider whether, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Defendant merely asserts, without elaboration, that "should I have to file another document in this frivolous case my fee will be $10,000,000.00". (Notice of Removal at 10.) However, "[w]ithout specific facts bearing out this allegation, the Court finds no basis to exercise subject matter jurisdiction." *Polimeda v. Outdoorsy*, No. 24-6727, 2025 WL 2910655, at *8 (D.N.J. Oct. 14, 2025). Because this action is between two citizens of the same state and Defendant has not provided any specific facts as to the amount in controversy, the Court cannot exercise diversity jurisdiction.

3

### B.      Federal Question Jurisdiction

28 U.S.C. § 1331 authorizes the Court to hear actions "arising under the Constitution, laws, or treaties of the United States." "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Therefore, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'"[4] *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted).

This is one such case. Defendant alleges that Linden, in towing his vehicle, violated his "unencumbered" constitutional right to travel. (Notice of Removal at 8.). As best as this Court can tell, Defendant maintains that people operating a vehicle for non-commercial purposes are merely traveling and not driving. (*See id.* at 2–3.) He contends "the state of New Jersey arbitrarily and erroneously converted [his] right into a privilege and issued a license plate and a fee for it." (*Id.* at 8–9).

Courts within this Circuit regularly reject Defendant's precise argument as frivolous.[5] *Davis v. Forsdahl*, 2026 WL 381747, at *12 (D.N.J. Feb. 11, 2026) ("To the extent Plaintiffs trace

---

[4] The Supreme Court has characterized this rule, called the "substantiality doctrine," as "more ancient than analytically sound." *Rosado v. Wyman*, 397 U.S. 397, 404 (1970). Nevertheless, it "remains the federal rule and needs no re-examination." *Hagans*, 415 U.S. at 538. *See also Gok v. United States*, No. 25-2136, 2025 WL 3187922, at *1 (3d Cir. Nov. 14, 2025) (affirming dismissal for lack of subject matter jurisdiction under substantiality doctrine); *Williams v. ProMedica Health Sys. Inc.*, No. 24-1369, 2024 WL 4927258, at *3 (3d Cir. Dec. 2, 2024) (same); *Allen v. Am. Fed'n of Gov't Emps. AFL-CIO*, 276 F. App'x 197, 199 (3d Cir. 2008) (finding claims "so devoid of any real merit that the District Court lacked jurisdiction to consider them.").

[5] The wholesale rejection of Defendant's "right to travel" argument is not, however, limited to this Circuit. *See, e.g.*, *McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560, at *1 (7th Cir. Apr. 8, 2022) (summarily rejecting as

their purported injuries to the denial of the right to travel, that argument is rejected."); *Yun v. New Jersey*, No. 18-1804, 2019 WL 3416773, at *6 (D.N.J. July 29, 2019) (finding claim that motor vehicle laws did not apply to plaintiff "patently frivolous."); *Aristilde v. Capobianco*, No. 26-166, 2026 WL 184264, at *4 (E.D. Pa. Jan. 23, 2026) (dismissing identical right to travel argument as frivolous); *Whaley v. Pennsylvania*, No. 25-1007, 2025 WL 3491566, at *4 (M.D. Pa. July 2, 2025) (rejecting as "legally frivolous" argument that plaintiff was "not subject to Pennsylvania's traffic laws."); *Smith v. Homestead Police Dep't*, No. 22-1585, 2024 WL 1256300, at *6 (W.D. Pa. Mar. 25, 2024) (finding argument that motor vehicle regulations infringe on right to travel "lacks an arguable basis on the facts presented here and on the law."); *Aikens v. New Castle Cnty. Police Dep't*, No. 21-350, 2021 WL 5051145, at *4 (D. Del. Nov. 1, 2021) (rejecting argument that because plaintiff was "a private citizen he was not obliged to adhere to registration and insurance law requirements.").

To be sure, the Constitution protects the right to travel. The right to interstate travel includes (1) "the right of a citizen of one State to enter and to leave another State," (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State," and, (3) "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). There is also a "right to travel locally through public spaces and roadways," *Lutz v. City of York*, 899 F.2d 255, 268 (3d Cir. 1990), though its exact contours remain unclear, *Owner Operator Indep. Drivers Ass'n, Inc. v. Pa. Tpk. Comm'n*, 934 F.3d 283, 294 (3d Cir. 2019) (citation omitted).

---

frivolous argument that motor vehicle regulations infringed on "unalienable right to travel."); *Perkins v. Ivey*, 772 F. App'x 245, 246–47 (5th Cir. 2019) (rejecting as frivolous argument that motor vehicle regulations require "commercial consent."); *Ford v. Antonides*, No. 22-384, 2022 WL 14828608, at *3 (M.D. Fla. Oct. 26, 2022) (noting that claim of immunity from motor vehicle laws "has been soundly rejected by federal courts."); *Berry v. City of St. Louis*, No. 21-685, 2021 WL 4191612, at *5 (E.D. Mo. Sept. 15, 2021) (collecting cases).

Yet the right to travel does not and has never included the right to drive a car. "[B]urdens on a single mode of transportation do not implicate the right to interstate travel." *Id.* at 295 (quoting *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999)). Moreover, "a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of *all* motor vehicles." *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (emphasis added). This has been the case since cars were invented. *Kane v. New Jersey*, 242 U.S. 160, 167 (1916) ("The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained."). As this Court recently noted, "New Jersey's motor vehicle laws are plainly necessary for public safety and well within the state's police power." *Davis*, 2026 WL 381747, at *12.

Similarly, the government may impose reasonable "time, place and manner restrictions" on local travel. *Lutz*, 899 F.2d at 269. "New Jersey's licensing, registration, and insurance laws are sensible restrictions on local travel." *Davis*, 2026 WL 381747, at *12. "Cars are dangerous multi-ton pieces of heavy machinery capable of accelerating to high speeds. It is rational to require drivers to demonstrate competency, obtain licenses, register their vehicles, and insure themselves and others against injury." *Id.* Thus, "[w]hile the Constitution protects the right to travel, that right is not unlimited. Just as the Constitution does not include the right to drive drunk, it does not include the right to drive a car without a license, registration, or insurance." *Id.*

In short, because Defendant's argument that motor vehicle regulations violate his "right to travel" is patently frivolous and has not been "open to discussion" since cars were invented, the Court lacks jurisdiction to entertain it. *Hagans*, 415 U.S. at 536–37. And, because the Court lacks any basis for jurisdiction over this action, the matter is **remanded**.

IV.     **CONCLUSION**

For the foregoing reasons, this matter is **REMANDED** and Defendant's motions to seek

relief from final judgment (ECF No. 10) and for leave to appeal IFP (ECF No. 14) are **DENIED**

*as moot*. An appropriate Order accompanies this Opinion.

**DATED:** 3/10/2026

JULIEN XAVIER NEALS
United States District Judge

7